```
           UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

JAMALUD-DIN ALMAHDI,              :
                                  :
            Petitioner            :
                                  :   CIVIL NO. 1:CV-05-1067
      vs.                         :
                                  :   (Judge Caldwell)
PAROLE COMMISSION,                :
                                  :
            Respondent.           :
```

*M E M O R A N D U M*

*I.    Introduction.*

　　　　Jamalud-Din Almahdi, a federal inmate, has filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. Petitioner ostensibly seeks to compel the United States Parole Commission to comply with its constitutional obligations and its own regulations in its resolution of facts for the purpose of setting his presumptive parole date, but he really wants the court to order the Commission not to rely on a statement in a PSR that the offense he committed while he was on parole that gave rise to his parole revocation did not involve a loss of $360,018.18.

　　　　Almahdi also seeks in forma pauperis status. As Almahdi is seeking redress from a governmental entity, his request for in forma pauperis status subjects his petition to preliminary screening pursuant to 28 U.S.C. § 1915A for the purpose of

determining whether it should be dismissed for failing to state a claim.

As noted more fully below, Petitioner had previously presented his claim by way of a 28 U.S.C. § 2241 petition.  We conclude that the instant mandamus petition should be dismissed.

*II.   Facts and Procedural History.*

In November 1986, Almahdi was sentenced by the United States District Court for the Eastern District of New York to twenty-four years' imprisonment for credit-card fraud.  He was paroled on August 11, 1994, to remain under parole supervision until February 11, 2010.

On July 24, 2003, Almahdi's parole was revoked after he was convicted in the United States District Court for the District of New Jersey for possessing counterfeit and unauthorized devices connected to his use of false and counterfeit credit cards.  The presentence report ("PSR") calculated the loss attributable to the credit-card fraud to be $360,018.18.  Relying on this amount to establish the parole guideline range, the Commission gave Almahdi a presumptive parole date of March 29, 2007, on his New York conviction.  The National Appeals Board affirmed the Commission's decision.

Almahdi then filed a petition under 28 U.S.C. 2241 in this court, *Almahdi v. United States Parole Comm'n*, No. 1:CV-03-2161 (M.D. Pa.)(Caldwell, J.), challenging the Commission's reliance on the statement in the PSR that the new offense involved a loss of $360,018.18.  Either in the petition or on motion to alter or amend, he made the same claim he presents in this mandamus petition.  On May 18, 2004, we denied the 2241 petition, finding a rational basis in the record for the Commission's conclusion as to the loss amount, especially in light of Almahdi's failure to object to the amount at the New Jersey sentencing.  On June 24, 2004, we also denied Almahdi's motion for reconsideration, which raised the claim that he was denied the opportunity to present his own description of his offense behavior and that the Commission failed to consider that version.  On February 25, 2005, the Third Circuit affirmed.  *See Almahdi v. United States Parole Comm'n*, No. 04-2869 (3d Cir. Feb. 25, 2005).

Asserting that he has "no other adequate means, such as a direct appeal, to attain the relief he desires," Almahdi filed the present mandamus action.  Almahdi asserts the following. First, the PSR loss amount is not supported by the record whereas his own, lesser, calculation of the loss is verifiable.  He contends that since the credit cards were seized by authorities in September 1999, any loss as a result of fraudulent credit-card use

-3-

between January and March 2000 should not be attributed to him. Second, the Commission failed to follow 28 C.F.R. § 2.19(c), which requires resolution of conflicting versions of facts by a preponderance-of-the-evidence standard, when it ignored his version of the offense in favor of the PSR recitation simply because his counsel had failed to object to the amount at sentencing. Third, the Commission's decision was arbitrary, capricious and not supported by the available evidence.

*III.   Discussion.*

Mandamus is an appropriate remedy only in the most extraordinary of situations. *In re Pasquariello*, 16 F.3d 525, 528 (3d Cir. 1994). A mandamus petitioner must show that he has (1) no other adequate means of obtaining the desired relief, and (2) a clear and indisputable right to the issuance of the writ. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 89 (3d Cir. 1992) (citing *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)), *see also Coombs v. Staff Attorneys of Third Circuit*, 168 F. Supp. 2d 432, 434 (E.D. Pa. 2001) (Petitioners seeking mandamus from a district court must demonstrate the lack of an adequate alternative means to obtain relief and that they have a clear and indisputable right to issuance of the writ).

Under this standard, Petitioner has no right to mandamus relief. Almahdi had an adequate means of obtaining relief in a 2241 petition, and indeed pursued that avenue. Almahdi's right to mandamus is also not clear and indisputable since the Commission has no obligation to accept his version of the loss; it could rely on the PSR in the face of his contrary assertion.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 25, 2005

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMALUD-DIN ALMAHDI,            :
                                :
            Plaintiff           :
                                :   CIVIL NO. 1:CV-05-1067
        vs.                     :
                                :   (Judge Caldwell)
PAROLE COMMISSION,              :
                                :
            Defendant.          :

*O R D E R*

AND NOW, this 25th day of July, 2005, it is ordered that:

1. The Plaintiff's application to proceed in forma pauperis (doc. 2) is granted.

2. This action is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

3. The Clerk of Court shall close this file.

                          /s/William W. Caldwell
                          William W. Caldwell
                          United States District Judge